**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADAM LEE LOPEZ, | No.    15-56068 |
| Petitioner-Appellant, | D.C. No. 5:13-cv-01196-DOC-MAN |
| v. | |
| JANDA, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted July 13, 2018[**]
Pasadena, California

Before:  IKUTA and N.R. SMITH, Circuit Judges, and MCNAMEE,[***] Senior District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen M. McNamee, Senior United States District Judge for the District of Arizona, sitting by designation.

Petitioner Adam Lopez appeals the district court's denial of his habeas corpus petition. Lopez was convicted of attempted murder of a law enforcement officer. However, he contends that he is entitled to habeas relief, because the state court unreasonably applied *Miranda v. Arizona*, 384 U.S. 436 (1966). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

"We review de novo the district court's decision to grant or deny a petition for a writ of habeas corpus." *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). "Because [Lopez] filed his federal habeas petition after April 24, 1996, his petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), 28 U.S.C. § 2254." *Cheney v. Washington*, 614 F.3d 987, 993 (9th Cir. 2010). Under AEDPA, we must deny habeas relief with respect to any claim adjudicated on the merits in a state court proceeding unless the proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

"[A] suspect subject to custodial interrogation has the right to consult with an attorney and to have counsel present during questioning." *Davis v. United*

---

[1] Lopez's renewed motion to file a late reply brief, Dkt. 62, is DENIED.

*States*, 512 U.S. 452, 457 (1994). "[I]f a suspect requests counsel at any time during the interview, he is not subject to further questioning until a lawyer has been made available or the suspect himself reinitiates conversation." *Id.* at 458. "Invocation of the *Miranda* right to counsel requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney." *Id.* at 459 (quotation marks and citation omitted). "But if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel, [Supreme Court] precedents do not require the cessation of questioning."[2] *Id.*

Lopez argues that the state court unreasonably applied this precedent when it determined that he did not unambiguously request counsel. However, our court

---

[2] In *Sessoms v. Runnels*, the en banc panel initially determined that the "unambiguous invocation" rule in *Davis* applied "only after a suspect has been informed of his *Miranda* rights." 691 F.3d 1054, 1062 (9th Cir. 2012), *cert. granted, judgment vacated sub nom. Grounds v. Sessoms*, 570 U.S. 928 (2013). The Supreme Court granted certiorari, vacated, and remanded in light of *Salinas v. Texas*, 570 U.S. 178, 186-87 (2013) (holding that in order to benefit from the Fifth Amendment right to remain silent, a suspect must expressly invoke the constitutional privilege). Based on *Salinas*, the en banc panel in *Sessoms* "assum[ed] that the clear invocation requirement of *Davis* applie[d] to" pre-*Miranda* warning cases. *Sessoms v. Grounds*, 776 F.3d 615, 621 (9th Cir. 2015) (en banc). Thus, the state court did not err in applying the unambiguous invocation rule in a pre-*Miranda* waiver (but post-*Miranda* warning) context.

has already rejected a similar argument under similar circumstances, namely, in determining on habeas review whether a state court's decision on whether a defendant had made an unambiguous request for counsel was an unreasonable application of Supreme Court precedent. In *Clark v. Murphy*, 331 F.3d 1062, 1065 (9th Cir. 2003), *overruled on other grounds by Lockyer v. Andrade*, 538 U.S. 63, 71 (2003), the suspect stated "I think I would like to talk to a lawyer." The panel determined that it was not unreasonable for the state court to conclude that the inclusion of the phrase "I think" made the suspect's statement ambiguous. *Id.* at 1071-72. "While *only* the Supreme Court's precedents are binding on the [state] court, and only those precedents need be reasonably applied, we may look for guidance to circuit precedents." *Id.* at 1070. There is very little daylight between the suspect's statement in *Clark* and Lopez's statement to Detective Porter. Instead of saying "I think I would like to talk to a lawyer," Lopez said "I guess I'll wait until an attorney's present or something." A principled and articulable difference between the phrases "I think" and "I guess" escapes us. Further, Lopez added the qualifier "or something" to the end of his statement. What that "something" would have been is unclear, but that unclarity lends additional support to the state court's determination that Lopez's statement was ambiguous. Perhaps Lopez is right; he may have been trying to invoke his right to counsel in a very deferential manner.

4

Unfortunately for Lopez, it is not his intent that matters; it is whether his statement would have been unambiguous to a reasonable officer. *Davis*, 512 U.S. at 459. Thus, guided by *Clark*, the state court's determination that Lopez's statement contained ambiguity was not an unreasonable application of any Supreme Court precedent.

Lopez argues that the statements made by Detective Porter amounted to coercion, but the Supreme Court has made clear that even a lengthy interrogation (by itself) is not coercive. *Berghuis v. Thompkins*, 560 U.S. 370, 386-87 (2010). Something more is required. For example, it is not coercive when a suspect is placed in a straight-backed chair and repeatedly questioned for three hours before eventually answering the interrogators questions. *Id.* Rather, "facts indicating coercion [include] an incapacitated and sedated suspect, sleep and food deprivation, and threats." *Id.* at 387. Here, Detective Porter's statements do not rise to the level of "coercion." Detective Porter made no threat and repeatedly reminded Lopez that he had "the absolute right" to not answer his questions. ER 116-18. We likewise reject Lopez's argument that Detective Porter cajoled him into waiving his rights. Although Detective Porter's statements encouraged Lopez to answer his questions, the state court did not unreasonably apply Supreme Court precedent in

determining that Detective Porter's statements did not rise to the level of coercion or cajoling.

**AFFIRMED.**